UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-106-KK-DTBx** | Date: | March 7, 2025 |
|---|---|---|---|
| Title: | *Gail Rubio v. CVS Pharmacy, Inc., et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 14]

## I.
## INTRODUCTION

On June 12, 2024, plaintiff Gail Rubio ("Plaintiff") filed a First Amended Complaint ("FAC") against defendants CVS Pharmacy, Inc. and Garfield Beach CVS, LLC  (collectively, "Defendants") in San Bernardino County Superior Court, arising from allegations Plaintiff sustained injuries while shopping at Defendants' store.  ECF Docket No. ("Dkt.") 1-2, Ex. A, FAC.  On January 15, 2025, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Dkt. 1.  On February 14, 2025, Plaintiff filed the instant Motion to Remand ("Motion").  Dkt. 14, Mot.

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); L.R. 7-15.  For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

## II.
## BACKGROUND

On June 12, 2024, Plaintiff filed a FAC against Defendants raising a cause of action for negligence.  FAC.  The claim arises from allegations Plaintiff sustained injuries after "a large falling box" hit Plaintiff while shopping at Defendants' store.  FAC ¶ 7.

///

On October 10, 2024, Defendants were served with the summons and FAC.  Mot. at 2.  On November 12, 2024, Defendants filed an Answer to the FAC.  Dkt. 1-3, Ex. B.

On January 15, 2025, Defendants filed a Notice of Removal.  Dkt. 1.  Defendants argue removal is proper because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.  Id.

On February 14, 2025, Plaintiff filed the instant Motion.  Mot.  Plaintiff argues the matter should be remanded because Defendants failed to file the Notice of Removal within the requisite 30-day period.  Id. at 4-10.

On February 27, 2025, Defendants filed an Opposition to the Motion.  Dkt. 17.   In support of the Opposition, Defendants filed a declaration by Mathew H. Conley ("Conley Decl."), attaching four exhibits.  Id.

On March 6, 2025, Plaintiff filed a Reply in support of the Motion.  Dkt. 21.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

### IV.
### DEFENDANTS HAVE COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446

**A.     APPLICABLE LAW**

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal.  Alternatively, if the basis for removal is not clear on the face of the complaint, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  "[A]n amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain" to trigger § 1446(b)(3)'s 30-day deadline.  Dietrich v. Boeing Co., 14 F.4th 1089, 1095 (9th Cir. 2021).  "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings,

not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).

**B.     ANALYSIS**

As a preliminary matter, the parties are not contesting whether diversity jurisdiction exists, but rather whether Defendants filed their Notice of Removal within 30 days of learning the case was removable pursuant to 28 U.S.C. § 1446.

Plaintiff argues Defendants' Notice of Removal is untimely because by October 2024, Defendants were notified of Plaintiff's citizenship[1] through various sources, including Plaintiff's FAC, Defendants' rewards program, and a settlement demand consisting of Plaintiff's medical records identifying her residence address. Mot. at 2. However, contrary to Plaintiff's argument, based on the FAC and settlement demand, Defendants only knew Plaintiff was a resident of California. See Harris, 425 F.3d at 695 ("The face of Harris' initial pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated Brown's 1972 residency, not his citizenship, and certainly not his citizenship as of the filing of the complaint."). Moreover, Defendants were not obligated to make "further inquiry" to investigate or otherwise determine Plaintiff's citizenship. Harris, 425 F.3d at 694. Thus, as of October 2024, it was not "unequivocally clear and certain" Defendants had grounds for removal; therefore, the removal clock did not start.

Rather, it was not until Defendants received Plaintiff's responses to defendant Garfield Beach CVS, LLC's first set of Form Interrogatories on December 16, 2024, indicating, among other things, Plaintiff resided in Rancho Cucamonga, California since 2005, that it became "unequivocally clear and certain" Plaintiff's citizenship was in California and Defendants had grounds for removal based on diversity jurisdiction. See Conley Decl. ¶4, Ex. C. At that point, the removal clock commenced, and Defendants had 30 days from December 16, 2024, which was Wednesday, January 15, 2025, to file their Notice of Removal. Dietrich, 14 F.4th at 1095. Defendants filed the Notice of Removal on January 15, 2025, within the 30-day window. Dkt. 1. Thus, removal was timely under 28 U.S.C. § 1446. See Vasquez v. McLane Foodservice, Inc., No. CV 21-9952-MWF-KSx, 2022 WL 705336, at *2 (C.D. Cal. Mar. 8, 2022) (finding removal was timely after defendant received plaintiff's interrogatory responses verifying removal was proper).

Accordingly, Defendants have complied with the procedural requirements for removal pursuant to 28 U.S.C. § 1446 and have met their burden for removal.

///

///

///

---

[1] Based on the Motion, Plaintiff seems to conflate residence address and citizenship, which is not the same for removal purposes. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) ("[A] natural person's state citizenship is [] determined by her state of domicile, not her state of residence.").

## V.
## CONCLUSION

For the foregoing reasons, the Court finds Defendants have met their burden for removal. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.